W. Sale LEWIS, Savings and Loan Commissioner, et al., Petitioners,

v.

NACOGDOCHES SAVINGS AND LOAN ASSOCIATION et al., Respondents.

No. B-5818.

Supreme Court of Texas.

July 21, 1976.

Rehearing Denied Sept. 29, 1976.

John L. Hill, Atty. Gen., Thomas M. Pollan, Asst. Atty. Gen., Larry E. Temple, Watkins, Ledbetter & Ramsey, George E. Ramsey, III, Austin, for petitioners.

Heath, Davis & McCallas, Dudley D. McCalla, Austin, for respondents.

DENTON, Justice.

This is a companion case to our Cause No. B–5814, *W. Sale Lewis, et al. v. Jacksonville Building and Loan Association, et al.,* decided this day, Tex., 540 S.W.2d 307. The cases were submitted and argued together in this Court.

This suit is by Nacogdoches Savings and Loan Association, and First Federal Savings and Loan Association of Nacogdoches, Texas, to set aside the order of the Savings and Loan Commissioner approving and granting the charter application of Timberline Savings and Loan Association to be operated in Nacogdoches, Texas. The trial court upheld the Commissioner's order. The court of civil appeals, by a majority opinion, reversed and rendered judgment setting aside the Commissioner's order. 531 S.W.2d 429.

The question concerning the construction of Rule 1.9 of the Rules and Regulations for Savings and Loan Associations is the same presented in Jacksonville Building and Loan Association. The disposition of the question in that case controls the disposition of the question here.

The contentions that the order is not reasonably supported by substantial evidence, and that the order violated Section 11.11(4) of the Savings and Loan Act, are also the same as those presented in Jacksonville Building and Loan Association. The evidence favorable and unfavorable to the requisite statutory findings was developed at considerable length by the testimony of both lay and expert witnesses including statistical data and charts which pertain to the City of Nacogdoches and surrounding area. We will not summarize the evidence in this companion case; however, we have concluded from a study of the record that there is substantial evidence to support the Commissioner's order. We further conclude that the Commissioner's order, which closely follows the Commissioner's order in form and substance in Jacksonville, clearly complies with the requirements of Section 11.11(4) of the Savings and Loan Act.

The judgment of the court of civil appeals is reversed and the judgment of the trial court upholding the Commissioner's order is affirmed.