**LAMPASAS FEDERAL SAVINGS AND LOAN ASSOCIATION, Appellant,**

v.

**W. Sale LEWIS, Savings and Loan Commissioner of Texas, et al., Appellees.**

**No. 5767.**

Court of Civil Appeals of Texas, Waco.

Nov. 10, 1977.

**914**

Joe R. Greenhill, Jr., Stubbeman, McRae, Sealy, Laughlin & Browder, Austin, for appellant.

Conrad Werkenthin and Mary Joe Carroll, Clark, Thomas, Winters & Shapiro, John L. Hill, Atty. Gen., Thomas A. Rutledge, Asst. Atty. Gen., Austin, for appellees.

OPINION

JAMES, Justice.

This is an appeal from an administrative order. Appellant Lampasas Federal Savings and Loan Association has perfected this appeal from the order of the Savings and Loan Commissioner of Texas (herein-after called "the Commissioner") entered January 27, 1976, approving the application of Southern Savings and Loan Association of Brownwood, Texas, to establish a branch office in Lampasas, Lampasas County, Texas. Said order was granted after a consolidated hearing conducted as the result of the filing of two applications for branches to serve the same, or substantially the same community. The other application, that of Lamar Savings Association of Austin, Texas, was denied, and no appeal was prosecuted from said last-named application.

The application of Southern Savings was protested by Lampasas Federal and two other savings and loan associations; however, the order granting the application of Southern Savings has been appealed only by Lampasas Federal.

Suit was instituted by Lampasas Federal as plaintiff in a District Court of Travis County, Texas, on March 12, 1976, citing as defendants therein both the Savings and Loan Commissioner and Southern Savings. The record was presented to the trial court on September 9, 1976, and argument of counsel had thereafter; whereupon the trial court on January 26, 1977, entered judgment affirming the Commissioner's Order, from which Plaintiff-Appellant Lampasas Federal appeals. We affirm.

Appellant's first point of error asserts that the order of the Commissioner was entered prior to service upon all interested parties to the Commissioner's proposal for decision, and without affording adversely affected parties an opportunity to file exceptions and present briefs in opposition to such proposal for decision in violation of Section 15, Article 6252–13a, Vernon's Texas Civil Statutes, the Administrative Procedure Act, and hence said order was made in violation of and in excess of statutory authority. We overrule this contention.

Section 15 of Article 6252–13a, which went into effect January 1, 1976, in its pertinent parts reads as follows:

"If in a contested case a majority of the officials of the agency who are to render

the final decision have not heard the case or read the record, the decision, if adverse to a party to the proceeding other than the agency itself, may not be made until a proposal for decision is served on the parties, and an opportunity is afforded to each party adversely affected to file exceptions and present briefs to the officials who are to render the decision."

The administrative hearing was had before a hearing examiner, a Mr. Fred Conder, and was concluded on November 20, 1975. On January 27, 1976, the Commissioner entered the order in question approving the application of Southern Savings to establish and operate a branch office in Lampasas, Texas.

In response to interrogatories, Appellee W. Sale Lewis, the Commissioner testified that he did not personally preside at the administrative hearing, but that Mr. Fred Conder, a hearing officer for the Savings and Loan Department presided at the hearing; that he (the Commissioner) did make periodic appearances to observe how the hearing was being conducted and the demeanor of the witnesses and parties; that there was a lot of the testimony that he did not personally hear; but that he personally read the entire transcript of the hearing prior to issuing his order of January 27, 1976; that he did not look at each exhibit, but he reviewed "only those exhibits or portions thereof necessary to clarify the testimony offered by the witness"; that he personally reviewed the entire application of Southern Savings, as amended, the written protest of each protestant to Southern Savings's application, and the motion for continuance filed by Lampasas Federal.

In our opinion said Section 15 hereinabove quoted from does not apply to the case at bar. Here the Commissioner is the only agency official charged with the responsibility of rendering a final decision. So the question is: Has the Commissioner "read the record" sufficiently to dispense with the requirement of serving the propos-

al for decision upon all parties, giving them an opportunity to file exceptions and present briefs? Applying Section 15 to the case at bar as we understand it, if the Commissioner has "read the record" it is not necessary for the proposal for decision to be served on the parties. Here, the Commissioner testified that he personally read the entire record, and "reviewed only those exhibits or portions thereof necessary to clarify the testimony of the witnesses." Under these facts we are of the opinion and hold that the Commissioner has "read the record" within the meaning of Section 15, and thereby the necessity was dispensed with insofar as serving the proposal for decision upon the parties. Appellant's first point is accordingly overruled.

Next, Appellant complains that the Commissioner erred in admitting into evidence Southern Savings's Exhibits Numbers 4 and 5, on the ground that such exhibits are incompetent hearsay, and were not authenticated by a qualified witness. We overrule this contention. Southern Exhibit No. 4 is a compilation of information from the deed of trust records of Lampasas County. Southern Exhibit No. 5 is a summary of that compiled information. This information was compiled and summarized by a Mrs. Judy Boss, an employee of the law firm representing Southern Savings, and covered the period from January 1, 1973 through October 7, 1975. These exhibits were offered into evidence by Mrs. Boss, who personally compiled the data and prepared the summary. The compilation (Exhibit 4) included the records for the entire County and involved every loan, including renewals and extensions. On both direct and cross-examination Mrs. Boss exhibited complete familiarity with the information and exhibits, and was clearly qualified as a witness insofar as the compilation and summary were concerned.

In the first place, the instruments themselves from which the compilation was made, that is, the recorded instruments in the deed of trust records, are admissible,

Article 3726, Vernon's Texas Civil Statutes, and the mere recording of the instruments serves as notice of the facts actually exhibited by them. *Miles v. Martin* (1959), 159 Tex. 336, 321 S.W.2d 62, 69. Therefore, since the underlying records of the summary are admissible, the next question is whether the summary (Southern Exhibit No. 5) was properly admissible. Our Supreme Court in *Black Lake Pipe Line Co. v. Union Construction Co., Inc.* (Tex.1976) 538 S.W.2d 80 at pages 92 through 95, has laid down rules governing the admissibility of summaries prepared from underlying records. As applied to the case at bar, suffice it to say that Southern Savings (in order to render the summary admissible) had the burden to show (1) that the underlying records were voluminous, (2) that such records were admissible, and (3) that such records were accessible to the opposing party, Lampasas Federal. Trial courts have wide discretion in determining whether summaries are necessary to expedite the trial. *Black Lake,* supra; *Texas Warehouse Co. of Dallas, Inc. v. Spring Mills, Inc.* (Waco CA 1974) 511 S.W.2d 735, n.r.e.

■ In our opinion, Southern Savings laid a proper predicate for the introduction of the compilation and summary in question, in accordance with the rules laid down in *Black Lake,* and we hold that such exhibits were properly admitted in evidence.

■ Appellant further asserts error in the Commissioner's Order, saying that the ultimate findings in said order are not reasonably supported by substantial evidence. We overrule this contention. Pursuant to Section 2.08 of Article 852a, Vernon's Texas Civil Statutes, the Savings and Loan Act, the Commissioner is authorized to approve an application for a branch office of a savings and loan association if he shall affirmatively find: (1) the proposed operation will not unduly harm any association operating in the vicinity of the proposed location; (2) there is a public need for the proposed branch office, and (3) the volume of busi-

ness in the community in which the proposed branch office will conduct its business is such as to indicate a profitable operation to the association within a reasonable period of time.

The hearing before the hearing examiner required two full days which produced 369 pages of testimony plus a number of exhibits which included statistical data and charts. A number of witnesses, both lay and expert on both sides, testified, some of whom gave testimony favorable to Southern Savings's application, and others of whom gave testimony unfavorable to said application. The record presented before the hearing examiner was offered in evidence to the trial court by agreement of counsel, plus written interrogatories propounded to the Commissioner and his answers thereto hereinabove referred to concerning the extent of his examination of the record.

The Commissioner's Order in question granted the application of Appellee Southern Savings to establish a branch office in the City of Lampasas, Texas, on the basis that there was a public need for the proposed branch office, that the volume of business in which the proposed branch office will conduct its business is such as to indicate a profitable operation to Southern Savings within a reasonable period of time, and that the operation of the proposed branch office will not unduly harm any existing associations within the vicinity of the proposed location in Lampasas, Lampasas County, Texas. Said order is fourteen pages in length, seven of which pages (pp. 5 to 11) are devoted to stating findings and conclusions in support of the application in question.

Without detailing the evidence, from our review of the record, suffice it to say that we are of the opinion that the Commissioner's Order is reasonably supported by substantial evidence, and we so hold. See *Lewis v. Jacksonville Bldg. and Loan Assn.* (Tex.1976) 540 S.W.2d 307; *Gerst v. Nixon* (Tex.1966) 411 S.W.2d 350; *Gibraltar Sav-*

*ings and Loan Assn. v. Falkner* (Tex.1963) 371 S.W.2d 548.

Finally, Appellant contends that the Commissioner's Order was not rendered within sixty (60) days from the date the hearing was closed in violation of Section 16(d) of Article 6252–13a, the Administrative Procedure Act, that said Section 16(d) is mandatory, and therefore said order is invalid. We do not agree.

The hearing in this case before the hearing examiner was closed on November 20, 1975. The Commissioner's Order was rendered on January 27, 1976, sixty-eight (68) days after the hearing was closed.

Section 16(d) reads as follows:

"The final decision or order must be rendered within 60 days after the date the hearing is finally closed. In a contested case heard by other than a majority of the officials of an agency, the agency may prescribe a longer period of time within which the final order or decision of the agency shall be issued. The extension, if so prescribed, shall be announced at the conclusion of the hearing."

Under the rules and guidelines laid down by our Supreme Court for determination of whether a statutory provision is mandatory or directory, we are of the opinion and hold that the sixty-day provision in Section 16(d) is directory. At least insofar as it applies to the order in question issued eight days after the expiration of the 60-day period, no harm has been shown. *Lewis v. Jacksonville Building and Loan Assn.* (Tex.1976) 540 S.W.2d 307; *Lewis v. Nacogdoches Savings and Loan Assn.* (Tex.1976) 540 S.W.2d 313; *Federal Crude Oil Co. v. Yount-Lee Oil Co.* (1932) 122 Tex. 21, 52 S.W.2d 56.

All of Appellant's points and contentions are overruled. Judgment of the trial court is accordingly affirmed.

AFFIRMED.